AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Kenneth Williams, Jeremy Bean, Mary Holt, Jaymie Cabrera, Mark Hidrosollo and David Rivas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEANAH DIXON,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNETH WILLIAMS, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-02103-APG-MDC<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE EXHIBITS 1, 3, 4, 5 AND 7 UNDER SEAL** |

Defendants Kenneth Williams, Jeremy Bean, Mary Holt (Mary Manalastas), Jaymie Cabrera, Mark Hidrosollo and David Rivas, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby submits its Motion for Leave to File Exhibits 1, 3, 4, 5 and 7 *under seal* in support of Defendants' Response to This Court's Order to Show Cause (ECF 31). This Motion is based on the following Memorandum of Points and Authorities and all paper and pleadings on file in this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a response to Plaintiff's Response to Plaintiff's Request to Immediately Supplement Their Responses (ECF 50).

Defendants seek leave to file under seal, Exhibits 1, 3, 4, 5 and 7, which consist of Dixon's confidential medical records.

1

## II. LEGAL STANDARD

LR IA 10-5(a) requires papers filed with the Court under seal to be accompanied by a motion for leave to file those documents under seal. See LR IA 10-5(a). Courts have recognized a general right of the public to inspect and copy public records and documents, including judicial records and documents. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). The strong presumption of public access must be overcome by a party seeking to seal a judicial record. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing Kamakana, 447 F.3d at 1178). This is a stringent standard, and a party must demonstrate "'a compelling reason and [articulate] a factual basis . . . without relying on hypothesis or conjecture" to justify sealing court records. See Ctr. for Auto Safety, 809 F.3d at 1096–97. The "compelling reason" standard applies to any motion "more than tangentially related to the merits of a case[,]" but especially applies to dispositive motions. See *Id.* at 1100–01. What constitutes a compelling reason is within the discretion of the District Court, including items that could "'gratify private spite or promote public scandal[.]'" See *Id.* at 1097.

## III. DISCUSSION

Courts have recognized a general right of the public to inspect and copy public records and documents, including judicial records and documents. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. (*Id.*) Otherwise, "a strong presumption in favor of access is the starting point." (*Id.*) (Internal citations omitted).

On a showing of specific facts supporting compelling reasons for sealing records, the court should conscientiously weigh the compelling reasons against the public's right of access. (*Id.*) If the court finds the balance tips in favor of sealing the record, the court must articulate the factual basis for sealing the record without reliance on hypothesis or

1  conjecture.  (*Id.* at 1179.)  Proof of a risk that use of the records "might . . . become a
2  vehicle" for causing harm is "compelling reasons sufficient to outweigh the public's
3  interest in disclosure and justify sealing court records." (*Id.* at 1179) (Internal quotation
4  marks omitted).

5     Courts have consistently recognized that the need to protect sensitive medical
6  information is a compelling reason to seal records.  See San Ramon Regional Medical
7  Center, Inc. v. Principal Life Ins. Co., 2011 WL89931 at n.1 (N.D. Cal. Jan. 10, 2011);
8  Abbey v. Hawaii Employers Mutual Ins. Co., 2010 WL4715793 at 1-2 (D.Hi. Nov. 15,
9  2010); G. v. Hawaii, 2010 WL267483 at 1-2 (D.Hi. June 25, 2010); Wilkins v. Ahern, 2010
10 WL3755654 (N.D.Cal. Sept. 24, 2010); Lombardi v. TriWest Healthcare Alliance Corp.,
11 2009 WL 1212170 at 1 (D. Ariz. May 4, 2009).

12    Exhibits 1, 3, 4, 5 and 8 to Defendants' Response to Plaintiff's Request to
13 Immediately Supplement Their Responses (ECF 50) contain confidential medical records
14 from Dixon's medical file. There is little need for public disclosure of this information as
15 compared to the significant interest in preserving the confidentiality of this private and
16 sensitive information.

17    Accordingly, Exhibits 1, 3, 4, 5 and 7 consisting of Dixon's medical records, should
18 be filed under seal to prevent their entry into the public record and to protect Dixon's
19 confidentiality and institutional safety and security.  Filing Exhibits 1, 3, 4, 5 and 8
20 under seal will not prejudice Dixon because a copy of these Exhibits will be provided to
21 Plaintiff's Counsel.

## IV. CONCLUSION

23    The need to protect the confidential nature of Dixon's medical records, along with
24 the unique safety and security concerns presented in the prison context, are compelling
25 reasons to justify the filing of certain records under seal.   For these reasons,
26 ///
27 ///
28 ///

3

1  Defendants respectfully requests this Court grant their Motion for Leave To File Exhibits
2  1, 3, 4, 5 and 7 under seal in support of Defendants' Response to Plaintiff's Request to
3  Immediately Supplement Their Responses (ECF 50).
4      DATED this 1st day of May, 2025.

                                    AARON D. FORD
                                    Attorney General

                                    By:    /s/ *Douglas R. Rands*
                                           DOUGLAS R. RANDS, Bar No. 3572
                                           Senior Deputy Attorney General

                                    *Attorneys for Defendants*

IT IS SO ORDERED:

Dated: May 13, 2025

                                    _____
                                    ANDREW P. GORDON
                                    CHIEF UNITED STATES DISTRICT JUDGE

4