**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEANAH J. DIXON | Case No.: 2:24-cv-02103-APG-BNW |
| Plaintiff<br><br>v. | **Order Granting Further Supplementation via Hearing on Defendants' Supplemental Response to Order to Show Cause** |
| KENNETH WILLIAMS, et al., | [ECF No. 50] |
| Defendants | |

Plaintiff Seanah J. Dixon is an inmate in the custody of the Nevada Department of Corrections (NDOC) and is currently housed at High Desert State Prison (HDSP). Dixon sues various NDOC employees under 42 U.S.C. § 1983, claiming violations of her First and Eighth Amendment rights. She alleges that the defendants have shown a deliberate indifference to her medical needs and have retaliated against her by delaying and withholding critical medical care, before and after she experienced a stroke and was discharged from the hospital.

Dixon previously moved for a temporary restraining order (TRO) and a preliminary injunction enjoining the defendants from, among other things, altering her prescriptions without specialist approval. ECF Nos. 2 at 4; 3 at 4. Before deciding on this request, I ordered the defendants to file a response to my order to show cause and address Dixon's supplemental allegations that NDOC medical professionals made additional changes to her medication regimen for furosemide (Lasix) and apixaban (Eliquis). ECF Nos. 20 at 3; 31 at 4. The defendants responded by explaining the medical bases of the changes, and I subsequently denied Dixon's request because she did not show a likelihood of success on the merits of her Eighth Amendment claim. ECF Nos. 36; 43 at 11.

Dixon then filed an objection to the defendants' response to the order to show cause and an emergency motion that they supplement their responses to address her concerns.  She argued that the defendants' response was incomplete and inaccurate for several reasons which, if addressed, might have changed my ruling on her injunctive relief motions.  At bottom, she argued the response did not address the potential risks to Dixon's health by altering her prescriptions without specialist approval. ECF No. 50 at 5.  She noted that an NDOC nurse practitioner had reduced her furosemide medication to be administered on Mondays, Wednesdays, and Fridays, and that NDOC medical providers had switched her from apixaban to warfarin (coumadin). *Id.* at 8; ECF No. 50-1 at 3.  I ordered the defendants to respond.

The defendants respond that their prior response fully disclosed the details of Dixon's medical treatment regarding the prescriptions at issue and justified any changes.  Regarding apixaban, they note that Dixon "was referred to the Coumadin clinic to determine if anti-coagulation therapy was appropriate." ECF No. 52 at 4.  They also state that she saw a cardiologist, Dr. Gaston Vergara, in December 2024, who confirmed she had a normal heart rate and rhythm, and ordered a follow-up visit in three months as well as "continued anticoagulation," without ordering the administration of a particular anti-coagulant. *Id.* at 3.  Regarding the furosemide prescription, they note that Dr. Vergara did not prescribe Dixon furosemide for five times a week, but express that they would increase it to a daily dosage "[i]f the [c]ardiologist agrees." *Id.*  They also note that they have attempted to contact Dr. Vergara's office twice, "to determine if there is a medical reason to increase Lasix." *Id.*  Finally, they say that "when seen by the cardiologist, Dixon was assessed as suffering from [m]ethamphetamine abuse," and that a March 2025 urinalysis tested positive for that substance. *Id.* at 4.

Dixon replies that the supplemental response was incomplete and contradictory because the defendants have not addressed that NDOC medical providers have further reduced her dosage of furosemide to twice monthly, which is below the three days per week frequency the defendants established in their response to the order to show cause. ECF No. 58 at 3. She also states that while she completed a follow-up visit with Dr. Vergara, his office told Dixon that NDOC's medical department has not contacted them regarding her furosemide prescription. *Id.* at 7-8.

The defendants have not fully complied with my order to respond to Dixon's emergency motion for supplementation because their response did not address several significant issues regarding her prescriptions, including:

(1) whether NDOC medical providers have made additional reductions to Dixon's furosemide schedule since my order denying Dixon's motions for injunctive relief,

(2) whether NDOC medical providers have a medical basis for any such further reductions,

(3) whether NDOC medical providers have made proactive efforts to consult her cardiologist regarding the compatibility of Dixon's gender-affirming treatment with her daily furosemide prescription issued by Spring Valley Hospital in late 2024, and

(4) if Dixon has been treated at the Coumadin Clinic after being referred. Also, Dixon has now visited Dr. Vergara twice but has not mentioned if she consulted him on whether the Spring Valley Hospital prescription for a daily dosage of furosemide is compatible with her current gender-affirming medication regimen, and what he advised if she did ask.

1    Thus, I deem it necessary to schedule a hearing to answer these and other questions, as

2  well as to generally address the current and future status of Dixon's medical treatment as it

3  regards her furosemide and apixaban medications.

4                                    **CONCLUSION**

5    I THEREFORE ORDER that plaintiff Seanah Dixon's motion for further

6  supplementation of the defendants' response to my order to show cause **(ECF No. 50) is**

7  **GRANTED**.

8    I FURTHER ORDER that an in-person hearing to take place on **Wednesday, July 16,**

9  **2025 at 9:30 a.m.** in Las Vegas, Nevada, at the:

10                           Lloyd D. George Courthouse,

11                           333 S. Las Vegas Blvd.,

12                           Las Vegas, NV 89101,

13                           LV Courtroom 6C

14    I FURTHER ORDER that at that hearing, the defendants must present as a witness an

15  NDOC medical provider with knowledge of Dixon's medical prescriptions, who can testify to

16  (1) changes that were made to her furosemide/Lasix an apixaban prescriptions, (2) any medical

17  bases for making these changes, and (3) the items listed on page 3 above.

18    I FURTHER ORDER Dixon, who is presently in NDOC custody, must file and serve a

19  notice within 10 days before the hearing of whether she intends to appear at the hearing in person

20  or via Zoom.  If she chooses to appear in person, the Warden or his designee must transport and

21  arrange her appearance on said date until such time as she is released and discharged by me.

22  Dixon will thereafter be returned to NDOC custody, under safe and secure conduct.  Counsel for

23

Dixon and the defendants will coordinate with the NDOC officials to arrange either her transportation or access to a Zoom-equipped facility.

I FURTHER ORDER counsel for the defendants to deliver a copy of this order to the Transportation Department for NDOC and the United States Marshal Service for notification of the hearing and to arrange transportation as needed.

DATED this 20th day of June, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE